J-A28015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
JUNIUS P. LEISURE, II :
:
Appellant : No. 874 MDA 2025

Appeal from the PCRA Order Entered June 2, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0006046-2015

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED: MARCH 11, 2026**

Junius P. Leisure, II, appeals *pro se* from the order denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-46. We affirm.

This Court has previously summarized the pertinent facts and procedural history as follows:

> In **Commonwealth v. Leisure**, 281 A.3d 1061 (non-precedential decision) (Pa. Super. filed June 10, 2022), this Court reviewed Leisure's *pro se* collateral appeal from the lower court's order denying relief on his first PCRA petition. We set forth the relevant procedural history observing that on June 23, 2016, Leisure entered an **Alford** plea to two counts of indecent assault – person less than 13 years of age and one count each of corruption of minors and unlawful contact with a minor. On that same date, after Leisure waived his right to defer sentencing until after the Sexual Offender Assessment Board ("SOAB") made its sexually violent predator ("SVP") assessment, the trial court sentenced Leisure to an aggregate term of three to 10 years' incarceration pursuant to the plea agreement, imposed $1,000 restitution, and directed Leisure to pay the costs of prosecution.

[Following a hearing on November 12, 2016, the trial court concluded that the Commonwealth met its burden and Leisure was designated an SVP.] Leisure did not file a direct appeal.

On October 26, 2020, Leisure filed his first PCRA petition. Court-appointed counsel did not file an amended PCRA petition but filed, instead, a motion to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) asserting that Leisure's petition was patently untimely and ineligible for a time-bar exception. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. After receiving Leisure's *pro se* amended petition and "supplemental pleading," the PCRA court entered an order granting counsel leave to withdraw and denying Leisure's PCRA petition as untimely filed. **Leisure** at *1.

Leisure filed a *pro se* appeal with this Court, and we affirmed upon concluding that the PCRA [court] lacked jurisdiction to address the issues raised in Leisure's untimely petition. We explained that his petition failed to plead and prove one of the three statutory exceptions to the PCRA's time-bar provided in Section 9545(b)(1)(i-iii) and that, even if it had, he had not met his burden to prove that he filed the petition within one year of the date the claim first could have been presented. **Leisure** at **2-3.

***

Almost two years later, on April 4, 2024, Leisure initiated the present PCRA matter by filing his self-styled "Petition for Leave to File a Direct Appeal *Nunc Pro Tunc*," the content of which led the lower court to deem it an untimely serial PCRA petition subject to the PCRA's timeliness requirements. Consequently, the PCRA court entered an order dated June 24, 2024, dismissing Leisure's serial petition as untimely. This appeal followed.

**Commonwealth v. Leisure**, 344 A.3d 1128 (Pa. Super. 2025) (nonprecedential decision at *1-2) (footnotes omitted). On July 22, 2025, we affirmed the PCRA court's order denying his second PCRA petition as untimely

because Leisure was "incapable of satisfying the conditions necessary to qualify under a newly-discovered fact exception to the time-bar." *Id.* at *5.

Meanwhile, on January 21, 2025, Leisure filed the *pro se* PCRA petition at issue, his third.[1] On June 2, 2025, the PCRA court dismissed this third petition "[f]or the reasons outlined" in the court's "Notice Pursuant to Pa.R.Crim.P. 907 dated December 12, 2024" (filed in response to Leisure's second untimely PCRA petition).[2] This appeal followed. Both Leisure and the PCRA court have complied with Appellate Rule 1925.

Leisure raises the following two issues on appeal:

> A defendant whose "SVP hearing" occurs after sentencing can obviously appeal from that order regardless of whether it makes the . . . judgment of sentence final. However, the question remains whether the defendant who has other issues unrelated to his "SVP" status should await for his post-sentence SVP Hearings final order before filing his "Direct Appeal"?
>
> Did the Trial Court, the PCRA counsel, and the Commonwealth by incorrectly treating the defendant's pro se fillings as [] untimely PCRA Petitions, effectively deny the Defendant of his right to file post-sentence motions and a Direct Appeal?

---

[1] While Leisure stated that this was an "amended petition" the record clearly establishes that his prior appeal had been dismissed, and therefore there was no pending petition to amend.

[2] Although the PCRA court did not filed a Rule 907 notice prior to dismissing this third petition, we note that the court's failure to do so does not constitute reversible error when, as here, the record is clear that the petition is untimely. *Commonwealth v. Zeigler*, 148 A.3d 849, 851 n.2 (Pa. Super. 2016).

Leisure's Brief at 1.[3]

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and is free of legal error. **Commonwealth v. Hernandez**, 79 A.3d. 649, 651 (Pa. Super. 2013). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id.**

After review, we conclude that the PCRA court properly denied Leisure's third petition for two reasons. First, Leisure filed the petition at issue before review of his second petition was finalized. As this Court has summarized:

> In **Commonwealth v. Lark**, [746 A.2d 585 (Pa. 2000)], our Supreme Court held that a "subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Id.** at 588. The [**Lark**] Court reasoned that "[a] second appeal cannot be taken when another proceeding of the same type is already pending." **Id.** (citation omitted). Where a petitioner attempts to raise a subsequent, independent claim for relief during the pendency of

_____

[3] By letter dated September 15, 2025, the Commonwealth informed this Court that it would not be filing an appellate belief but instead would rely on the PCRA court's Rule 1925(a) opinion.

Additionally, on February 4, 2026, Leisure filed an application for leave to file a supplemental brief, and attaches what he identifies as his supplemental brief. According to Leisure, "[s]ubsequent procedural developments and review of the record have revealed a discrete appellate issue that was not fully presented in the initial briefing." We grant Leisure's application. However, review of the one-page supplemental brief reveals no specific issue; rather, he states only that his appeal "has been repeatedly resolved on technical grounds without consideration of a discrete legal error that goes to the integrity of the proceedings." This generalized claim does not overcome the fact that Leisure's third PCRA petition is clearly untimely.

an earlier PCRA petition, his or her "only option is raise it within a [subsequent] PCRA petition within [60] days of the date of the order that finally resolves the [pending] PCRA petition[.]" ***Commonwealth v. Steele***, [961 A.2d 786, 808-09 (Pa. 2008)].

***Commonwealth v. Montgomery***, 181 A.3d 359, 363 (Pa. Super. 2018) (*en banc*).[4]

As noted above, Leisure filed the petition underlying this appeal before resolution of his 2024 petition was completed. Thus, the PCRA court could have dismissed it on this basis alone. ***Lark***, 746 A.2d at 588.

Second, the PCRA court properly denied Leisure's third petition because it was untimely. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time

---

[4] The PCRA now provides a one-year period in which to file a subsequent petition once the prior petition is resolved. ***See*** Pa.C.S.A. § 9545(b)(2).

on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely, and the petitioner has not pled and proven an exception, "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Leisure's judgment of sentence became final on July 25, 2016, when the time for filing a direct appeal with this Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Leisure had until July 25, 2017 to file a timely petition.[5] Because Leisure filed the petition at issue almost eight years later, it is patently untimely unless he has satisfied his burden of pleading and

---

[5] In his first PCRA petition, Leisure had argued his judgment of sentence was final only after the SOAB designated him an SVP on October 12, 2016, which would result in his judgment of sentence becoming final on November 11, 2016, and making November 11, 2017 the date by which Leisure would have had to file a timely PCRA petition. Regardless, we correctly observed that under either calculation of time, the first PCRA petition filed in 2020 was patently untimely by approximately three years. ***Leisure***, at *2.

proving that one of the enumerated exceptions applies.  **See Hernandez**, **supra**.

Leisure has failed to plead and prove an exception to the PCRA's time bar.  In the petition at issue, Leisure asserted the governmental interference exception.  **See** PCRA Petition, 1/21/25, at 3.  In its order denying the petition, the PCRA court stated that although "[Leisure] continues to allege that governmental interference prevented him from filing his petition on time" he failed to prove any time-bar exception.  Order, 6/2/25, at 1 n.1.  In his brief, Leisure does not even mention this time-bar exception let alone argue that he satisfied it.

In sum, because Leisure's third PCRA petition was untimely, this Court lacks jurisdiction to consider its merits.  **Derrickson**, **supra**.  We therefore affirm the PCRA court's order dismissing Leisure's third petition.

Application for Leave to file Supplemental Brief granted.  Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/11/2026